## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**BIELER PERE ET FILS, LLC,**

**and**

**GP WINE WORKS, LLC**

    **Plaintiffs,**        **Case No. 2:22-cv-3486**

**vs.**

**VANGUARD WINE, LLC,**

    **Defendant.**

## COMPLAINT

COMES NOW, Plaintiffs, Bieler Pere Et Fils, LLC and GP Wine Works, LLC by and through their lawyers, LASZLOLAW, and for their Complaint against the Defendant, Vanguard Wines, LLC ("Vanguard") state as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Bieler Pere Et Fils, LLC("Bieler") is a New York limited liability company with its principal place of business in New York.

2. Plaintiff GP Wine Works, LLC ("Gotham") is a New York limited liability company with its principal place of business in New York.

3. Vanguard Wines, LLC is an Ohio limited liability company with its principal place of business located in Franklin County, Ohio.

4. This Court has jurisdiction over the claims asserted herein pursuant 28 U.S.C. § 1332 because the amount in controversy exceeds the value of $75,000.00 exclusive of interest and

costs and because there is complete diversity of citizenship between each Plaintiff, including each of Plaintiff's members, and Defendant.

5.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is within this Judicial District.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6.      Plaintiffs are successful wine companies that produce and sell many brands of wine. Among those brands are Bieler Family "Daisy" and "Gotham Project" Wines. (Collectively the "Wines.")

7.      USA Wine West, LLC ("USAWW") is the national importer and wholesaler for Plaintiffs' Wines.

8.      In or about 2018 USAWW entered into a non-written agreement with Defendant Vanguard wherein Vanguard would purchase and distribute the Plaintiffs' Bieler's "Daisy" Wines within the Ohio territory.

9.      Under the agreement, Vanguard would submit purchase orders for Plaintiff Bieler's Wines which would then be delivered, to and paid for by, Vanguard irrespective of sales.

10.      In or about 2012 USAWW entered into a non-written agreement with Defendant Vanguard wherein Vanguard would purchase and distribute the Plaintiffs' Gotham's "Gotham Project" Wines within the Ohio territory.

11.      Under the agreement, Vanguard would submit purchase orders for Plaintiff Gotham's Wines which would then be delivered, to and paid for by, Vanguard irrespective of sales.

12.      Pursuant to O.R.C. § 4301.24, payment for alcoholic beverages is to be made in cash.

13.     Pursuant Ohio law, O.R.C. § 1333.83, in the absence of a written agreement, a franchise relationship is established between a wholesaler and supplier after ninety days from the commencement of the relationship.  This statutory franchise relationship prohibits suppliers like USAWW from terminating the franchise except under very specific and limited circumstances. *See* O.R.C. § 1333.84.

14.     In this case, Vanguard became the exclusive distributor of Plaintiffs' Wines within the State of Ohio.

15.     Between March 3, 2020, and April 19, 2022, Vanguard placed purchase orders for the Wines, which Wines were delivered to Vanguard.  Exhibit 1.  However, Vanguard refused to pay for the Wines.  *Id*.

16.     Despite assurances from Vanguard's president and owner Eric Stewart that: "We will be paying all these invoices, no doubt there," the outstanding invoices set forth in Exhibit 1 remain unpaid.

17.     Vanguard's principal, Eric Stewart has personally continued to acknowledge to Plaintiffs that Vanguard owes Plaintiffs the money, and assured Plaintiffs that payments will be made.

18.     Vanguard never expressed dissatisfaction with the Wines delivered, and indeed easily sold the Wines to the Ohio market and profited thereby.

19.     By August 3, 2022, Vanguard had still not paid the outstanding invoices and USAWW sent to Vanguard Termination of Distribution Relationship and demand for payment letters.  Exhibit 2.

20.     To date, for Wines ordered and delivered, Vanguard owes Plaintiff Bieler a total $102,378.50.  Exhibit 1.

21.     To date, for Wines ordered and delivered, Vanguard owes Plaintiff Gotham a total $47,204.11.  Exhibit 1.

22.     The accounts receivable for the Bieler Wines together with all claims and causes of action relating to the Wines belonging to USAWW have been assigned to Plaintiff Bieler.

23.     The accounts receivable for the Gotham Wines together with all claims and causes of action relating to the Wines belonging to USAWW have been assigned to Plaintiff Gotham.

24.     Despite the best and good faith efforts of Plaintiffs over many months to resolve this matter without litigation, Vanguard persists in its deceitful conduct and steadfast refusal to pay Plaintiffs' invoices – all the while, continuing to sell and profit from the Wines and holding Plaintiffs' brands and inventory hostage.

25.     Vanguard's business model is, and has been, to order wines from suppliers over a period of time sufficient to create an exclusive franchise relationship for those brands under Ohio law, refuse to pay for those wines, and then use the franchise as leverage to pay only pennies on the dollar (or zero dollars) in exchange for a termination of the distribution franchise.  Simply put, Vanguard employs a "brand hostage" business model.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT
### (Plaintiffs against Defendant)

26.     Plaintiffs incorporate all preceding paragraphs as if fully restated herein.

27.     The purchase orders and invoices reflected in Exhibit 1, as well as Vanguard's acceptance of the Wines, constitutes an ongoing enforceable contract with payments due upon delivery of the Wines.

28.     USAWW performed under the purchase orders by its timely delivery of the ordered goods to Vanguard.

29.     Vanguard has failed to pay each of the invoices set forth in Exhibit 1, totaling an amount due and owing of $102,378.50 to Plaintiff Bieler, which constitutes a breach of the purchase order contracts.

30.     Vanguard has failed to pay each of the invoices set forth in Exhibit 1, totaling an amount due and owing of $47,204.11to Plaintiff Gotham, which constitutes a breach of the purchase order contracts.

31.     As a direct and proximate cause of Vanguard's breaches, Plaintiff Bieler has suffered damages in the amount of $102,378.50 plus accrued interest arising from Vanguard's nonpayment.

32.     As a direct and proximate cause of Vanguard's breaches, Plaintiff Gotham has suffered damages in the amount of $47,204.11 plus accrued interest arising from Vanguard's nonpayment.

### SECOND CAUSE OF ACTION
### BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING
**(Plaintiffs against Defendant)**

33.     Plaintiffs incorporate all preceding paragraphs as if fully restated herein.

34.     Under Ohio law, there is an implied duty of good faith and fair dealing in every contract.

35.     When Defendant submitted its purchase orders to USAWW and USAWW supplied the ordered Wines and issued the relevant invoices, both USAWW and Defendant impliedly agreed to handle their ongoing business relationship fairly and in good faith.

36.     Defendant has violated these covenants of good faith and fair dealing by accepting USAWW's deliveries of the Wines and failing to pay the invoices submitted by USAWW.  Exhibit 1.

37.     As a direct and proximate cause of Vanguard's breaches, Plaintiff Bieler has suffered damages in the amount of $102,378.50 plus accrued interest arising from Vanguard's nonpayment.

38.     As a direct and proximate cause of Vanguard's breaches, Plaintiff Gotham has suffered damages in the amount of $47,204.11 plus accrued interest arising from Vanguard's nonpayment.

**THIRD CAUSE OF ACTION**
**UNJUST ENRICHMENT (PLEAD IN THE ALTERNATIVE)**
**(Plaintiffs against Defendant)**

39.     Plaintiffs incorporate all preceding paragraphs as if fully restated herein.

40.     USAWW conferred a benefit on Vanguard by providing the Wines specified in the purchase orders and invoices reflected in Exhibit 1.

41.     Vanguard specifically ordered and accepted the Wines and was therefore, aware it was receiving the benefits of Plaintiffs' products.

42.     Upon information and belief, much, if not all the Wines have already been sold by Vanguard to third parties at significant markup, thereby conferring an unjust benefit on Vanguard.

43.     It would be unjust under the circumstances for Vanguard to fail to pay for the Wines ordered, delivered and sold.

44.    As a direct and proximate cause of Vanguard's breaches, Plaintiff Bieler has suffered damages in the amount of $102,378.50 plus accrued interest arising from Vanguard's nonpayment.

45.    As a direct and proximate cause of Vanguard's breaches, Plaintiff Gotham has suffered damages in the amount of $47,204.11 plus accrued interest arising from Vanguard's nonpayment.

**FOURTH CAUSE OF ACTION**
**BREACH OF FIDUCIARY DUTY**
**(Plaintiffs against Defendant)**

46.    Plaintiffs incorporate all preceding paragraphs as if fully restated herein.

47.    Under O.R.C. § 1333.84, Vanguard is, and at all times relevant was, the exclusive Ohio distributor and broker of Plaintiffs' Wines.

48.    As the exclusive distributor of the Wines, Vanguard owed to USAWW and Plaintiffs fiduciary obligations, including a duty of fair dealing, full and fair disclosure of material information, loyalty, and the proper exercise of due care.

49.    Vanguard breached its fiduciary obligations by failing to deal fairly, failing to disclose material information regarding their relationship and Vanguard's ability to pay for Wines delivered by Plaintiffs, by selling Plaintiffs' Wines, profiting therefrom and using the proceeds for purposes other than paying Plaintiffs amounts owed.

50.    As a direct and proximate cause of Vanguard's breaches, Plaintiff Bieler has suffered damages in the amount of $102,378.50 plus accrued interest arising from Vanguard's nonpayment.

51.     As a direct and proximate cause of Vanguard's breaches, Plaintiff Gotham has suffered damages in the amount of $47,204.11 plus accrued interest arising from Vanguard's nonpayment.

<u>**FIFTH CAUSE OF ACTION**</u>
**CIVIL THEFT BY DECEPTION**

52.     Plaintiffs incorporate all preceding paragraphs as if fully restated herein.

53.     O.R.C. § 2307.61 provides for civil damages resulting from the commission of a theft offense, as that phrase is defined in R.C. § 2913.01.

54.     O.R.C. § 2913.01 provides that a violation of O.R.C. § 2913.02 is a theft offense.

55.     O.R.C. § 2913.02(A)(3) states, in relevant part: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over with the property or services ... by deception."

56.     O.R.C. § 2913.0l(A) defines "deception" as "knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact."

57.     Vanguard induced Plaintiffs to supply the Wines through fraud and misrepresentation.

58.     Vanguard misrepresented essential material facts concerning, among other things, its intention and ability to pay Plaintiffs for the Wines ordered and delivered.

59.     Based on the facts set forth herein, Vanguard committed theft by deception in violation O.R.C. § 2913.01 *et seq.*

60. As a direct and proximate cause of Vanguard's breaches, Plaintiff Bieler has suffered damages in the amount of $102,378.50 plus accrued interest arising from Vanguard's civil theft.

61. As a direct and proximate cause of Vanguard's breaches, Plaintiff Gotham has suffered damages in the amount of $47,204.11 plus accrued interest arising from Vanguard's civil theft.

62. Pursuant to O.R.C. § 2307.61 Plaintiff Bieler is entitled to civil damages for said theft including treble damages.

63. Pursuant to O.R.C. § 2307.61 Plaintiff Gotham is entitled to civil damages for said theft including treble damages.

WHEREFORE, Plaintiffs hereby pray for judgment against Vanguard Wines, LLC as follows:

A. As to the First Cause of Action: Judgment against Vanguard in favor of Plaintiff Bieler for breach of contract in the amount of $102,378.50 plus pre- and post-judgment interest in an amount to be proven at trial; Judgment against Vanguard in favor of Plaintiff Gotham for breach of contract in the amount of $47,204.11 plus pre- and post-judgment interest in an amount to be proven at trial;

B. As to the Second Cause of Action: Judgment against Vanguard in favor of Plaintiff Bieler for Breach of Implied Warranty of Good Faith and Fair Dealing in the amount of $102,378.50 plus pre- and post-judgment interest in an amount to be proven at trial; Judgment against Vanguard in favor of Plaintiff Gotham for Breach of Implied Warranty of Good Faith and Fair Dealing in the amount of $47,204.11 plus pre- and post-judgment interest in an amount to be proven at trial;

C. As to the Third Cause of Action: Judgment against Vanguard in favor of Plaintiff Bieler for unjust enrichment in the amount of $102,378.50 plus pre- and post-judgment interest in an amount to be proven at trial; Judgment against Vanguard in favor of Plaintiff Gotham for unjust enrichment in the amount of $47,204.11 plus pre- and post-judgment interest in an amount to be proven at trial;

D.  As to the Fourth Cause of Action: Judgment against Vanguard in favor of Plaintiff Bieler for breach of fiduciary duty in the amount of $102,378.50 plus pre- and post-judgment interest in an amount to be proven at trial; Judgment against Vanguard in favor of Plaintiff Gotham for breach of fiduciary duy in the amount of $47,204.11 plus pre- and post-judgment interest in an amount to be proven at trial;

E.  As to the Fifth Cause of Action: Judgment against Vanguard in favor of Plaintiff Bieler for civil theft by deception in the amount of $102,378.50 plus pre- and post-judgment interest in an amount to be proven at trial including treble damages under O.R.C. § 2307.61; Judgment against Vanguard in favor of Plaintiff Gotham for civil theft by deception in the amount of $47,204.11 plus pre- and post-judgment interest in an amount to be proven at trial including treble damages under O.R.C. § 2307.61;

F.  Any other relief that this Court deems appropriate including costs and attorney's fees as permitted by law.

## PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Dated September 23, 2022

LASZLOLAW

*/s/ Theodore E Laszlo, Jr.*
Theodore E Laszlo, Jr. (OH # 9531)
Michael J. Laszlo (OH # 101720)
2595 Canyon Blvd. Suite 210
Boulder, CO 80302
(303) 926-0410 (phone)
Email: tlaszlo@laszlolaw.com
        mlaszlo@laszlolaw.com

Plaintiff's Address:
c/o LaszloLaw
2595 Canyon Blvd. Suite 210
Boulder, CO 80302